UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DAWARD JONES | * | CIVIL ACTION NO. |
| | * | |
| VERSUS | * | |
| | * | JUDGE: |
| E S & H, INC. AND | * | |
| AND ASHLAND SERVICES, LLC | * | MAGISTRATE: |

# COMPLAINT

The Complaint of Daward Jones, a resident and citizen of the full age of majority and domiciled in the Parish of Jefferson, State of Louisiana (hereafter, the "petitioner"), with respect represents that:

1.

This is an action within admiralty and maritime jurisdiction, pursuant to an Act of Congress, known as the Merchant Marine Act, approved by Congress June 5, 1920, Section 33, commonly referred to as the Jones Act, (46 U.S.C.A. 688) and pursuant to the General Maritime Law of the United States of America, as hereinafter more fully appears.

2.

Made defendants in this action are:

(1)  E S & H, Inc., a Louisiana corporation having its domicile and principal place of business in Houma, Louisiana, Parish of Terrebonne; and,

(2)  Ashland Services, LLC, a Louisiana Limited Liability Corporation,

domiciled at 3260 Barataria Blvd., Marrero, Louisiana

3.

At all times hereinafter mentioned, defendants managed, operated, controlled, and crewed the unnamed vessel, a vessel in navigation and operation out of the Port of Pascagoula, State of Mississippi, the connecting waterways of Mississippi, Louisiana, and the Gulf of Mexico (hereafter, the "vessel").

FOR A FIRST CAUSE OF ACTION

4.

At all relevant times, the complainant was employed by either/or and E S & H, Inc. and Ashland Services, Inc. as a deckhand and was assigned to the vessel to serve as a deckhand, in furtherance of the mission of the vessel, and in the company of the crew of the vessel.

5.

On or about May 25, 2010, while aboard the vessel and while acting within the course and scope of his employment and while in the service of his employer and while in the furtherance of the mission of the vessel, the complainant received severe and disabling injuries to his lumbar spine as he was lifting excessively heavy oil saturated boom and placing same on the deck of the vessel.

6.

As a result of the accident, complainant has suffered severe injuries to

his low back which required a surgical procedure and which have caused petitioner to suffer physical disability, extreme pain, and discomfort.

7.

As a result of the accident and attendant injuries, petitioner has suffered damages in such amounts as may be set by this Honorable Court, together with legal interest thereon from date of judicial demand until paid, and for all costs of these proceedings.

8.

Said damages include but are not limited to:

(a) Physical and mental pain and suffering, past, present and future;

(b) Loss of wage earning capacity;

(c) Lost wages, past, present and future;

(d) Loss of enjoyment of life; and,

(e) Disfigurement.

9.

The sole, proximate, and legal cause of the above described accident was the negligence of defendants E S & H, Inc. and Ashland Marine Services LLC, its servants, agents, and employees, either individually or concurrently, in the following non-exclusive particulars:

(a) Breach of a legally imposed duty of reasonable care owed by the defendant to the plaintiff;

(b) Failure to provide a reasonably safe place to work;

 (c) Failure to provide or institute reasonably safe means to perform the activities being performed by the plaintiff at the time plaintiff was injured;

 (d) Failure to properly train and supervise its employees;

 (e) Placing a live eel, with mouth opened, directly in the plaintiff's face as soon as he had raised his welding hood;

 (f) Other acts of negligence which will be proven upon the trial of this cause.

FOR A SECOND CAUSE OF ACTION

Petitioner here re-alleges all of the facts contained in the foregoing paragraphs with the same effect as if alleged herein at length. In addition thereto, petitioner shows that:

10.

Pursuant to the General Maritime Law of the United States of America, the defendants had an absolute and non-delegable duty to provide petitioner with a safe and seaworthy vessel and appurtenances, a seaworthy crew, and a safe place to work.

11.

The vessel was unseaworthy by reason of the facts alleged in the foregoing paragraphs. The petitioner's injuries were directly and proximately caused by the vessel's unseaworthiness.

12.

As a direct result of the vessel's unseaworthiness, petitioner has suffered the damages and injuries described above and in such amounts as

are just and reasonable in the premises, together with legal interest thereon from date of judicial demand until paid, and for all costs of these proceedings.

FOR A THIRD CAUSE OF ACTION

Petitioner here re-alleges all of the facts contained in all of the foregoing paragraphs with the same effect as if alleged herein at length. In addition thereto, petitioner shows that:

13.

Pursuant to the General Maritime Law of the United States of American, the defendants have the absolute and non-delegable duty to provide petitioner with maintenance and cure benefits from the date that he was rendered unfit for duty until maximum cure is achieved.

14.

As a result of the accident, the petitioner was rendered unfit for duty on or about May 25, 2010, and presently remains unfit and incapable of returning to work as a seaman.

15.

The defendants are indebted to the petitioner for past and future maintenance and cure benefits in the amount mandated by law from May 25, 2010, until maximum cure is achieved, and for all costs of cure incurred by petitioner from May 25, 2010, until maximum cure is achieved.

16.

The defendants herein have prematurely terminated maintenance and

cure benefits made payable to the complainant.  As a result of that premature termination said defendants are responsible for punitive damages for early termination of maintenance and cure benefits.

WHEREFORE PETITIONER PRAYS that after due proceedings had;

(a) That judgment be rendered herein in favor of the complainant, Deward Jones, and against the defendants, E S & H, Inc. And Ashland Services, LLC., for damages in an amount to be set by this Honorable Court, together with legal interest thereon from date of judicial demand until paid, and for all costs of these proceedings, for the negligence of the defendant and/or the unseaworthiness of its vessel which directly caused petitioner's injuries; and,

(b) There be judgment herein favor of the complainant, Deward Jones, and against the defendants, E S & H, Inc. And Ashland Services, LLC for the amount mandated by law per day for maintenance and cure from May 25, 2010, and for all expenses of cure incurred by plaintiff until maximum cure is achieved; and,

(c) For all general and equitable relief.

By Attorneys,

S/AUB A. WARD
AUB A. WARD (#13228)
Naquin & Ward
8034 Jefferson Hwy.
Baton Rouge, Louisiana  70809
Telephone (225) 927-1907
award@nwlaw.net

S/PATRICK H. HUFFT
PATRICK H. HUFFT (#17633)
Attorney at Law
635 St. Charles Ave.
New Orleans, Louisiana 70130
Telephone: (504) 522-9413

**PLEASE SERVE:**

E S & H, INC.
Through agent for service of process:
Lawrence X. Boucvalt, III
1730 Coteau Rd.
Houma, La 70364


ASHLAND SERVICES, LLC
Through agent for service of process:
Rory Blanchard
3260 Barataria Blvd.
Marrero, La 70072