```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA


DAWARD JONES                                  CIVIL ACTION

v.                                            NO. 11-1842

ES&H, INC., ET AL.                            SECTION "F"
```

                       ORDER AND REASONS

    Before the Court is ES&H, Inc.'s motion for summary judgment. For the reasons the follow, the motion is DENIED without prejudice as premature.

                           **Background**

    This personal injury lawsuit arises from an alleged back injury sustained by a man tasked with retrieving oil-soaked booms in an effort to clean the Gulf of Mexico following the Deepwater Horizon oil spill.

    Daward Jones was employed as a deckhand by Ashland Services, LLC and was assigned to work on an unnamed 30-foot flat bottom boat allegedly called Boat #30 in May 2010. The boat was operated by Stephen Miguez, an employee of Atchafalaya Big River Airboat Transportation, Inc. Mr. Jones was tasked with assisting cleanup efforts following the Deepwater Horizon oil spill. In particular, his job required that he put booms into the Gulf of Mexico and -- once the booms were soaked with oil -- he picked up and pulled onto the boat's deck the water- and oil-soaked booms, which weighed approximately 70 to 100 pounds upon retrieval. While working on

1

the boat, Mr. Jones took his directions from the boat's operator, Mr. Miguez, or George Oldham, his supervisor from Ashland Services. Ashland Services also conducted morning safety meetings at the jobsite, and the only person that provided any training or guidance to Mr. Jones regarding how to handle oil boom was his supervisor Mr. Oldham.

On May 25, 2010, while in Pascagoula onboard Boat #30, Mr. Jones "was lifting [an] excessively heavy oil saturated boom and placing [it] on the deck of the vessel" when he suffered "severe and disabling injuries to his lumbar spine." On August 2, 2011 Mr. Jones sued Ashland Services, LLC and ES&H, Inc., alleging that his back injury was caused by the defendants' Jones Act negligence; he also asserts claims under the general maritime law for vessel unseaworthiness as well as maintenance and cure. On December 28, 2011 Mr. Jones amended his complaint, adding negligence claims against Atchafalaya Big River Airboat Transportation, Inc., which "employ[ed] the Captain Steve Miguez and supervisory personnel on board the vessel." ES&H now seeks summary relief dismissing the claims asserted against it.

I.

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine dispute as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine issue of fact exists if

the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986).  A genuine dispute of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion.  See id.  Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate.  Id. at 249-50 (citations omitted).  Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party.  See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992).  Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims.  Id.  Hearsay evidence and unsworn documents that cannot be presented in a form that would be admissible in evidence do not qualify as competent opposing evidence.  Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987); Fed.R.Civ.P. 56(c)(2). Finally, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable

to the non-moving party.  <u>Anderson</u>, 477 U.S. at 255.

## II.

The plaintiff and defendant Atchafalaya Big River Airboat Transportation, Inc. oppose ES&H's motion for summary judgment.  In particular, Atchafalaya suggests that summary judgment is premature in light of the fact that ES&H has not yet responded to Atchafalaya's interrogatories and requests for production, particularly those directed to whether the daily work done by Atchafalaya Boat # 30 and its captain and crew were directed by an individual named Chris Sanners.  "If Chris Sanners was an ES&H employee determining and supervising the work of Atchafalaya's Boat No. 30 and its deck hands," Atchafalaya submits, "ES&H would have been involved at least to some degree in determining and supervising work and work assignments."  Before reaching the merits of ES&H's motion for summary judgment, the Court finds that ES&H should respond to Atchafalaya's discovery requests.  This would permit appropriate development of the record on key issues informing ES&H's role, if any, in the plaintiff's claims.

Accordingly, ES&H's motion for summary judgment is DENIED without prejudice as premature.

New Orleans, Louisiana, August 31, 2012

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

4