UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

DAWARD JONES                                    CIVIL ACTION

v.                                              NO. 11-1842

ES&H, INC., ET AL.                              SECTION "F"

ORDER AND REASONS

Before the Court is ES&H, Inc.'s motion for summary judgment. For the reasons that follow, the motion is GRANTED.

**Background**

This personal injury lawsuit arises from an alleged back injury sustained by a man tasked with retrieving oil-soaked booms in an effort to clean the Gulf of Mexico following the Deepwater Horizon oil spill.

Daward Jones was employed as a deckhand by Ashland Services, LLC and was assigned to work on an unnamed 30-foot flat bottom boat allegedly called Boat #30 in May 2010. The boat was operated by Stephen Miguez, an employee of Atchafalaya Big River Airboat Transportation, Inc. Mr. Jones was tasked with assisting cleanup efforts following the Deepwater Horizon oil spill. In particular, his job required that he put booms into the Gulf of Mexico and -- once the booms were soaked with oil -- he picked up and pulled onto the boat's deck the water- and oil-soaked booms, which weighed approximately 70 to 100 pounds upon retrieval. While working on

1

the boat, Mr. Jones took his directions from the boat's operator, Mr. Miguez, or George Oldham, his supervisor from Ashland Services. Ashland Services also conducted morning safety meetings at the jobsite, and the only person that provided any training or guidance to Mr. Jones regarding how to handle oil boom was his supervisor Mr. Oldham.

On May 25, 2010, while in Pascagoula onboard Boat #30, Mr. Jones "was lifting [an] excessively heavy oil saturated boom and placing [it] on the deck of the vessel" when he suffered "severe and disabling injuries to his lumbar spine."  On August 2, 2011 Mr. Jones sued Ashland Services, LLC and ES&H, Inc., alleging that he was employed by either ES&H or Ashland Services and that his back injury was caused by the defendants' Jones Act negligence; he also asserts claims under the general maritime law for vessel unseaworthiness as well as maintenance and cure.  On December 28, 2011 Mr. Jones amended his complaint, adding negligence claims against Atchafalaya Big River Airboat Transportation, Inc., which "employ[ed] the Captain Steve Miguez and supervisory personnel on board the vessel."  ES&H now seeks summary relief dismissing the claims asserted against it.

I.

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine dispute as to any material fact such that the moving party is entitled to

judgment as a matter of law.  No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986).  A genuine dispute of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

   The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion.  See id.  Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate.  Id. at 249-50 (citations omitted).  Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party.  See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992).  Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims.  Id.  Hearsay evidence and unsworn documents that cannot be presented in a form that would be admissible in evidence do not qualify as competent opposing evidence.  Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987); Fed.R.Civ.P. 56(c)(2).  Finally, in evaluating the summary judgment

3

motion, the Court must read the facts in the light most favorable to the non-moving party.  <u>Anderson</u>, 477 U.S. at 255.

II.

ES&H contends that Mr. Jones was employed by Ashland Services and that on the date of the accident, he was working at the Pascagoula location onboard a 30-foot flat bottom boat operated by Atchafalaya employee, Stephen Miguez.  At no time, ES&H insists, did it own or operate Boat #30.  ES&H further contends that it did not direct Mr. Jones' activities or supervise his work; the only training or supervision Mr. Jones received was from Miquez or Ashland Services supervisor, George Oldham.  Indeed, ES&H insists that Mr. Jones even admits that it did nothing to cause or contribute to his injuries.  Accordingly, ES&H contends that summary relief dismissing the plaintiff's claims against it is appropriate.  The Court agrees.

A.

With respect to the plaintiff's Jones Act claim, the record suggests that Mr. Jones was employed by Ashland Services (and not ES&H).[1]  Accordingly, the negligence claim asserted against ES&H

---

[1]ES&H presents in its Statement of Uncontested Material Facts an assertion that "[a]t all relevant times, plaintiff was employed by Ashland Services, LLC[.]"  Given that the plaintiff does not dispute this fact in his "statement of contested facts", the Court deems the fact (of his employment by Ashland services) admitted.  <u>See</u> Local Rule 56.2 (providing that "[a]ny opposition to a motion for summary judgment must include a separate and concise statement of the material facts which the opponent contends present

must be viewed through the lens of general maritime law, rather than the Jones Act, which establishes a seaman's cause of action for negligence but is confined to the employment context.[2]

*B.*

With respect to the plaintiff's unseaworthiness claim, there is nothing in the record demonstrating that ES&H neither owned or operated Boat #30.  Thus, any unseaworthiness claim Mr. Jones seeks to assert against ES&H likewise has no support in the summary judgment record.[3]  See Daniels v. Florida Power & Light Co., 317

---

a genuine issue. All material facts in the moving party's statement will be deemed admitted, for purposes of the motion, unless controverted in the opponent's statement.").  Not only is Mr. Jones' fact of employment by Ashland Services deemed admitted, but Mr. Jones does not dispute that general maritime law governs his claim against ES&H.

[2] A seaman may assert a claim under the Jones Act only against his employer. See Scarborough v. Clemco Indus., 391 F.3d 660, 667 (5th Cir. 2004).
In his original complaint, Mr. Jones appeared to attempt to also assert a Jones Act negligence claim against ES&H; however, this was based on his allegation at that stage that he was "employed by either" ES&H or Ashland.

[3] To establish a claim of unseaworthiness, "the injured seaman must prove that the [vessel] owner has failed to provide a vessel, including her equipment and crew, which is reasonably fit and safe for the purposes for which it is to be used." Boudreaux v. United States, 280 F.3d 461, 468 (5th Cir. 2002)(citing Jackson v. OMI Corp., 245 F.3d 525 (5th Cir. 2001)).  The duty of seaworthiness does not extend to providing "a perfect or accident-free vessel." Phillips v. Western Co., 953 F.2d 923, 928 (5th Cir. 1992).  "A vessel's condition of unseaworthiness might arise from any number of circumstances.  Her gear might be defective, her appurtenances in disrepair, her crew unfit.  The number of men assigned to perform a shipboard task might be insufficient.  The method of loading her cargo, or the manner of its stowage might be improper." Nichols v. Weeks Marine, Inc., 513 F. Supp. 2d 627, 635

F.2d 41, 43 (5th Cir. 1963).

C.

Because there is no support in the record for the plaintiff's Jones Act or unseaworthiness claim (as asserted against ES&H), Mr. Jones' only avenue for recovery from ES&H is its alleged negligence under the general maritime law.  ES&H contends that summary judgment dismissing Mr. Jones' negligence claim is appropriate because the plaintiff cannot prove that ES&H owed a duty of care to Mr. Jones under general maritime law.  The Court agrees.

"It is settled that the general maritime law imposes duties to avoid unseaworthiness and negligence."  Norfolk Shipbuilding & Drydock Corp. v. Garris, 532 U.S. 811, 813 (2001)(citation omitted).  The elements of the negligence under general maritime law "are 'essentially the same as land-based negligence under the common law.'"  In re Great Lakes Dredge & Dock Co. LLC, 624 F.3d 201, 211 (5th Cir. 2010)(quoting Withhart v. Otto Candies, L.L.C., 431 F.3d 840, 842 (5th Cir. 2005)); Norfolk Shipbuilding, 532 U.S. at 815 ("[t]he common-law duties of care have not been adopted and retained unmodified by admiralty, but have been adjusted to fit their maritime context").  To prevail on a claim of negligence under maritime law, the plaintiff must prove that (1) there was a

---

(E.D. La. 2007)(quoting Usner v. Luckenbach Overseas Corp., 400 U.S. 494, 499-500 (1971)).  The plaintiff must also establish a causal connection between his injury and the breach of duty that rendered the vessel unseaworthy.  Boudreaux, 280 F.3d at 468.

duty owed by the defendant to the plaintiff; (2) the duty was breached; (3) the plaintiff suffered injury; and (4) a causal connection between the defendant's conduct and the plaintiff's injury.  In re Great Lakes Dredge & Dock Co. LLC, 624 F.3d at 211 (citing Canal Barge Co. v. Torco Oil Co., 220 F.3d 370, 376 (5th Cir. 2000)(quotation omitted)).

A plaintiff pursuing a maritime tort theory, like his land-based counterparts, is owed a duty of ordinary care under the circumstances.  Id. (citing Daigle v. Point Landing, Inc., 616 F.2d 825, 827 (5th Cir. 1980).  As the Fifth Circuit has observed:

> The determination of the existence and scope of a duty "involves a number of factors, including most notably the foreseeability of the harm suffered by the complaining party."  Duty "may be owed only with respect to the interest that is foreseeably jeopardized by the negligent conduct."  Thus, if the injuries suffered allegedly as a result of the [defendant's] negligent [conduct] were not foreseeable, the [defendant] owed no duty to the [plaintiff] and are not liable as a matter of law.

Id. (internal citations omitted).  A maritime plaintiff seeking to establish causation must show that the defendant's negligence "is the 'legal cause' of the plaintiff's injuries," which is "something more than 'but for' causation[;]" that is, "the negligence must be a substantial factor" in causing the plaintiff's injuries.  Id. at 213-214 (citing Donaghey v. Ocean Drilling & Explor. Co., 974 F.2d 646, 649 (5th Cir. 1992)).

ES&H contends that it owed no duty of care to Mr. Jones because it did not employ him, it did not direct or supervise his

7

work, it was not responsible for providing the plaintiff's training, and the plaintiff himself has admitted that nothing ES&H did or did not do caused or contributed to his injuries. The record supports ES&H's contentions: the record establishes no connection between ES&H and Mr. Jones that would give rise to a duty.

Atchafalaya River Airboat Transportation, Inc. contends that the record shows that an individual named Chris Sannners directed the work of Boat #30 and, speculating that he was an ES&H employee, then ES&H would have been involved in determining and supervising work and work assignments. But this speculation has been answered and refuted: ES&H submitted an affidavit in which the Secretary/Treasurer of ES&H states that it did not employ Chris Sanners. The affidavit remains unchallenged. Accordingly, to the extent the plaintiff had advanced the argument that ES&H supervised his work and, therefore, owed him a duty under general maritime law, there is no evidence in the summary judgment record to support that theory of liability.

Mr. Jones asserts in his papers that a genuine dispute of material fact exists regarding whether ES&H should have provided to employees a winch to assist them in pulling the oil soaked boom onto the boat deck. Apparently, the idea of whether a winch should have been provided to Mr. Jones and the others tasked with collecting boom was an idea Mr. Jones himself came up with during

his deposition.  But Mr. Jones has failed to provide any supporting evidence showing that ES&H was obligated to provide a winch to assist in his and other employee's recovery of boom.  Mr. Jones has failed to establish essential elements of his general maritime negligence claim against ES&H: he has not shown that ES&H owed the plaintiff a duty of care, that ES&H breached that duty, or causation[4] between any offending conduct on the part of ES&H and Mr. Jones' resulting injury.

Accordingly, ES&H's motion for summary judgment is GRANTED. The plaintiff's claims against ES&H are hereby dismissed.

New Orleans, Louisiana, October 22, 2012

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[4]ES&H also contends that the weight of the boom was an open and obvious condition.